# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JENNINGS, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:14-CV-01442 |
| vs. | : | (Petition Filed 07/25/14) |
| WARDEN JUAN BALTAZAR, | : | (Judge Caputo) |
| Respondent | : | |

## MEMORANDUM AND ORDER

**Background**

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by David Jennings, a federal inmate formerly confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania.[1] Doc. 1, Petition. Jennings paid the $5.00 filing fee. Jennings was convicted in April, 2007, by the United States District Court for the Eastern District of Kentucky for drug related charges and is presently serving a sentence of 120 months imprisonment. Id. & Doc. 4-1, at 8 (Exhibits In Support of Respondent's Response to the Petition for Writ of Habeas Corpus). Jennings alleges that the Bureau of Prisons is impermissibly collecting child support payments from his prison inmate account under the Inmate Financial Responsibility Program ("IFRP") without documentation or a "court order or judgment from the State of Ohio Child Support Enforcement Unit." Doc. 1, Petition, at 2. He further alleges that he is being forced to participate in the IFRP and threatened that if he does not do so he will lose good conduct

---

[1] The inmate locator of the Federal Bureau of Prisons reveals that Jennings is presently incarcerated at the Federal Correctional Institution-Gilmer, Glenville, West Virginia.

time towards his federal sentence and denied placement at a halfway house (Residential Reentry Center (RRC) placement). Id. Jennings in the petition requests that the court direct the Bureau of Prisons to refund the amounts taken from his prison inmate account. Id. at 8. Jennings claims the total amount which was improperly deducted is $703. Id. By Order dated July 30, 2014, the Court directed the respondent to file an answer to Jennings' petition. Doc. 3. A response was filed by the United States Attorney on August 20, 2014. Doc. 4. The government argues that (1) Jennings has not been denied any good conduct time as a result of his refusal to pay child support; (2) the IFRP is voluntary and Jennings is not being forced to participate in it; and (3) the Bureau of Prisons did not recommend Jennings for RRC placement because of a detainer lodged against him by the State of Ohio. Id. The government further states that child support payments were deducted from his account pursuant to a valid court order from the State of Ohio. Id. On August 28, 2014, Jennings filed a traverse in which he concedes that he is not claiming that he lost good conduct time or was denied halfway house placement but that his petition is only "about [the BOP] tak[ing] money from [his] account without [a] court order[.]" Doc. 6, Traverse, at 3. He further states in the traverse that he is arguing that "the BOP is improperly collecting back-owed child support payments of $25 and $50 without an Ohio Court Judge's order." Id. at 7. The matter is ripe for disposition. For the reasons that follow, the Court will dismiss Jennings' petition.

**Discussion**

It is well-settled that an inmate cannot challenge the conditions of his confinement by way of a habeas petition. Preiser v. Rodriguez, 411 U.S. 475, 484-91 (1973). The general rule is that a habeas corpus petition may be brought only by a prisoner who

seeks to challenge either the fact or duration of his confinement in prison. Id. Conditions-of-confinement claims by an inmate must be brought pursuant to federal question jurisdiction, 28 U.S.C. § 1331; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); see also, e.g., Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Richards v. Bellmon, 941 F.2d 1015, 1018 (10th Cir. 1991). Although there may be some rare situations where a condition of confinement may be attacked by way of a petition for writ of habeas corpus, the present case is not one of those rare situations. See Preiser v. Rodriguez, 411 U.S. at 499 ("When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.").

The present action solely relates to the propriety of the BOP's deductions of child support payments from Jennings' prison inmate account. It is well settled that federal habeas corpus relief is limited to inquiries into the "legality of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir.2002). Federal habeas relief is unavailable unless the petition attacks the "validity of the continued conviction or the fact or length of the sentence." Id. at 542. Based on the grounds asserted in his petition, it appears that Jennings seeks to challenge the BOP's imposition of scheduled child support payments. Jennings' challenge to those deductions does not concern either the fact or duration of his confinement in prison. Rather, as Jennings acknowledges in his traverse, his present request for relief is based upon a condition of confinement claim.

It is apparent that Jennings' claim and request for relief has nothing to do with the actual question of Jennings' guilt or the length of his confinement. Based on the monetary relief sought and a review of Jennings' allegations, "habeas corpus is not an

3

appropriate or available federal remedy." See Linnen v. Arainis, 991 F.2d 1102, 1109 (3d Cir. 1993); See Williams v. Pugh, Civ. A. No. 4:CV-03-541, slip op. at 4 (M.D. Pa. April 11, 2003) (McClure, J.); David v. United States, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.) (challenge to IFRP refusal status not properly asserted in habeas petition); and Hewlett v. Holland, Civ. A. No. 3:CV-96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed, without prejudice, as they are not *habeas corpus* claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts."). Consequently, Jennings' petition will be dismissed. However, the Court's decision herein is without prejudice. Petitioner, if he so chooses, is free to reassert his allegations and request for monetary relief in a properly filed civil rights complaint.[2]

Finally, because Jennings is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

**IT IS HEREBY ORDERED THAT:**

1. Jennings' petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.

---

[2] In this regard, this Court expresses no opinion as to the merits, if any, of any civil rights claim Jennings may file based upon the facts asserted herein.

4

2. The Clerk of Court is directed to **CLOSE** the case.

                    s/A. Richard Caputo
                    A. RICHARD CAPUTO
                    United States District Judge

Dated: September 2, 2015